**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. BANK,<br><br>               Plaintiff,<br><br>vs.<br><br>MICHAEL HARKEY,<br><br>               Defendant. | Case No. 2:13-cv-00503-APG-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(IFP App - Dkt. #1) |

    Michael Harkey is proceeding in this action pro se and has submitted an Application to Proceed in Forma Pauperis (Dkt. #1). He also submitted a pleading naming U.S. Bank as Plaintiff and himself as Defendant.

    Mr. Harkey's Application to Proceed in Forma Pauperis is incomplete. In response to Question 3, Mr. Harkey indicates that he has received income in the past twelve months from business, profession, or other self employment, as well as other sources. He has not, however, responded to the second part of that question, which requires him to describe each source of money and state the amount he received and what he expects to receive in the future. He has responded "Will pay fee by March 29, 2013 (next Friday), possibly March 27, 2013." This information is non-responsive. Additionally, Mr. Harkey has not responded at all to Questions 5, 6, 7, or 8. As a result, the court does not have enough information to determine if he qualified to proceed in forma pauperis.

    Even if Mr. Harkey had filled out a complete Application, however, Mr. Harkey cannot initiate a lawsuit on another party's behalf. Harkey's complaint names U.S. Bank as Plaintiff. A review of the pleading indicates that he is seeking an order vacating an order and judgment entered by the Henderson Township Justice Court in *U.S. Bank National Association as Trustee v. Michael Harkey,* Case No. 09CH000168, under Fed R. Civ P 60(b)(4). That case involved an unlawful detainer action brought

by US Bank to remove Harkey as a tenant and occupant after his condo was foreclosed upon and sold in a Trustees Sale.   On June 25, 2009 A Henderson Justice of the Peace issued an order to show cause why Harkey should not be removed from the premises and why a Writ of Restitution should not issue against him and any other occupants or tenants.  The pleading is voluminous but does not state when the judgment he challenges was entered.  Mr. Harkey put the Henderson Justice Court case caption on his pleading in this court which claims the Henderson Justice Court's order and judgment are void ab initio for various reasons and that he is entitled to relief from this court under Fed R. Civ P 60(b)(4) .

Rule 60 would apply to provide relief from an order or judgment entered by this court.  It does not create federal jurisdiction over a state court judgment or order.  It is not a means to appeal a state court judgment and order. A Rule 60 motion to vacate is not a procedurally permitted way to initiate a federal lawsuit challenging state court proceedings and judgments.

For all of these reasons,

**IT IS RECOMMENDED** that:

1. Michael Harkey's Application to Proceed in Forma Pauperis (Dkt. #1) be DENIED.
2. The Clerk of the Court be directed to FILE the complaint, and the complaint be DISMISSED.

Dated this 9th day of July, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the

findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.